NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERSON OBED HERRERA GONZALES,
AKA Gerson Obed Herrera Gonzalez,

Petitioner,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No. 15-71468

Agency No. A088-889-362

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Gerson Obed Herrera Gonzales, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

Herrera Gonzales does not challenge the BIA's determination that he waived his challenge to the IJ's finding that his asylum application was untimely and that he was ineligible for CAT relief. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the agency's determination that Herrera Gonzales did not establish past persecution. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) ("An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control."); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)). Herrera Gonzales does not raise, and therefore waives, any challenge to the agency's determination that he failed to establish a clear probability of future persecution in Guatemala. *See Lopez-Vasquez*, 706 F.3d at

2                                                                      15-71468

1079-80.  Thus, Herrera Gonzales' withholding of removal claim fails.

As stated in the court's August 6, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**